**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                                        Case No.: 03-80359

v.

                                        Hon. Gerald E. Rosen

ALBERTO FLORES,

       Defendant.
_____/

**DEFENDANT'S OBJECTIONS TO THE CALLING**
**OF WITNESS SHAHIN JUDEH BY THE COURT**

      NOW COMES Defendant, ALBERTO FLORES, by and through his attorney, ELIAS J. ESCOBEDO, JR., and for his Objections to the Calling of Witness Shahin Judeh by the Court, states as follows:

      1.      On January 26 and 27, 2010, the Court presided over the bench trial of Defendant.

      2.      At the conclusion of the January 27 proceedings, both parties rested. The Court took under advisement the question whether it would call Co-Defendant Shahin Judeh to testify.

      3.      For the reasons set forth in its Order Calling Witness Pursuant to Fed. R. Evid. 614, dated February 10, 2010, the Court determined that it will call Mr. Judeh as a witness.

      4.      In its Order, the Court acknowledges that "the Government elected not to call Mr. Judeh as a witness at trial" because "Mr. Judeh had recanted a portion of a statement he previously had made to the Government."

      5.      Because Mr. Judeh has recanted, his testimony is likely not reliable and may not even be credible. As such, his testimony could be prejudicial to Defendant, and therefore, should not be taken by the Court.

6. The Court properly concludes that, in this case, it is the trier of fact. However, the Court also states that it has the responsibility "to ascertain the facts and weigh the evidence bearing on the question whether Defendant engaged in the charged conspiracy offense."

7. Defendant asserts that the Court must weigh only the evidence presented by the Government in this case. The ABA Model Code of Judicial Conduct, in the commentary to Canon 3B(7) specifically states: "A judge must not independently investigate facts in a case and *must consider only the evidence presented*" (emphasis added). Thus, the Court must be mindful of its <u>judicial</u> role, without becoming a prosecutor in this case.

8. The Court believes it appropriate to call Mr. Judeh as a witness "notwithstanding the Government's strategic decision not to call him in its case in chief." Doing so, however, will obliterate the distinction required by the separation of powers doctrine between the function of the judge and the function of the prosecutor. The function of the judge is to protect the record at trial, not to make it. By calling its own witness, particularly when both parties have chosen not to call that witness, the trial judge assumes the advocacy role traditionally reserved for counsel. By calling its own witness, the Court is confusing the roles of the judge and the prosecutor. It is the prosecutor's role to present the evidence, and the judge's role to weigh the evidence presented. Defendant argues that the Court should confine its determination as to whether Defendant engaged in the charged offense to the evidence the prosecutor presented because the Government, not the Court, bears the burden of proving he participated in the alleged conspiracy.

9. While recognizing that Federal Rule of Evidence 614(a) allows the Court to call witnesses, Defendant contends if the Court elicits information from Mr. Judeh that is damaging to Defendant, the Court will be aiding the Government in its role as prosecutor. In this regard, the Court's action may very well deprive Defendant of a fair trial.

10.     Federal Rule of Evidence 614(a) provides absolutely no guidance as far as when it is appropriate for a trial judge to call his own witness on the Court's own motion.  In fact, neither the Rule itself nor the Advisory Committee Notes thereto suggest what standards, if any, are to guide a court in calling its own witness.  As such, it is subject to vast abuse of discretion.  In the instant case, the Court has not cited any need to clarify testimony, which is the most common reason for a Court to interrogate a witness.  Therefore, Defendant contends that it would be an abuse of discretion for the Court to call Mr. Judeh as a witness, especially in light of the significant fact that both the prosecutor and defense counsel chose not to do so.

11.     It is well-settled that a judge should steer clear of questioning that extends to advocacy.  See United States v Norris, 873 F.2d 1519, 1526 (D.C. Cir.), cert. denied, 493 U.S. 835 (1989).  The District Columbia Circuit Court of Appeals, in United States v Barbour, 420 F.2d 1319, 1321 (1969), held that "when the questioning is designed to elicit answers favorable to the prosecution, it is far better for the trial judge to err on the side of abstention from intervention in the case."  Defendant asserts that it would be far better for the Court in the instant case to abstain from calling Mr. Judeh as a witness.

12.     Finally, the Court states in its Order, that "calling Mr. Judeh as a witness will afford Defendant an opportunity to confront a witness whose out-of-court statements have featured prominently in the Government's case against him."  It is important to note that Defendant had this very same opportunity prior to the conclusion of the January 27 proceedings when he chose to rest without calling any witnesses.  Defendant chose not to avail himself of this opportunity, and does not now request a "second bite at the apple."

WHEREFORE, Defendant objects, pursuant to Federal Rule of Evidence 614(c), to the calling of Shahin Judeh as a witness by the Court.  For the reasons set forth above, Defendant

respectfully asks this Court to abstain from calling Shahin Judeh as a witness. The issues are not complex, there is no testimony that requires clarification, and the prosecutor has not exhibited any need for assistance in the presentation of the Government's case.

    Respectfully submitted,

    s/ Elias J. Escobedo, Jr.
    Attorney for Defendant
    995 W. Huron
    Waterford, MI  48328
    Phone:  (248) 682-8400
    Email: eescobedo@ameritech.net
    P37808